**UNIVERSAL SANITATION CORP. and Compaction Systems Corporation, Plaintiffs,**

v.

**The TRADE WASTE COMMISSION OF the CITY OF NEW YORK, Defendant.**

No. 96 Civ. 6581 (MP).

United States District Court, S.D. New York.

Oct. 16, 1996.

Christy & Viener by Franklin B. Velie, New York City, for Plaintiffs.

Paul A. Crotty by Robin Binder, Corporation Counsel of the City of New York, New York City, for Defendant.

### OPINION

MILTON POLLACK, Senior District Judge.

Plaintiffs applied for injunctive relief *pendente lite*. A preliminary injunction was denied by the Court on the ground that plaintiffs failed to establish probability of success or irreparable damages.

The Trade Waste Commission of the City of New York (the "Commission") administratively determined in its discretion on an evidentiary record that the customers of the plaintiffs were entitled to notification that they were privileged to cancel their contracts with the plaintiffs, unless the plaintiffs received a new license from the Commission. The plaintiffs sought to enjoin this notification and sought to reopen the Commission's administrative record to submit additional evidence supporting their application for a waiver of such notification to plaintiffs' customers.

Applicable law provides that the Commission may "waive the termination clause requirement with respect to identified" contracts if the Commission determines "in its discretion" that a waiver would be "consistent with the purposes of [Local Law 42]." The Commission administratively determined on an evidentiary record that plaintiffs already had a full and fair opportunity to present written affidavits and documentary evidence, and to make written arguments, first upon submission of their application and again on receipt of the Commission's recommended decision, and that further, plaintiffs had sufficient opportunity to produce their principal, Benny Villani, to give sworn testimony to the Commission, and chose not to do so.

In denying the waiver sought the Commission cited plaintiffs' questionable contracting practices and the questionable background of Mr. Villani. Plaintiffs will have an opportunity to present additional evidence before the Commission in connection with their pending new license applications. The Court found that the administrative determination was neither arbitrary nor capricious, that plaintiffs do not have a legitimate claim of entitlement to a waiver, and that plaintiffs have not shown that a waiver would be inconsistent with the purposes of Local Law 42. Accordingly, Plaintiffs' motion for an injunction *pendente lite* was denied from the Bench.

The Commission cross-moved for summary judgment in its favor. The plaintiffs had commenced this proceeding in state court challenging the Commission's determination on several grounds; most of the grounds are federal constitutional claims and there is one state law claim for Article 78 relief. The suit was removed to this court by the defendant.

The constitutional claims asserted are a contracts clause claim, a takings claim, a procedural due process claim, what the plaintiffs refer to as a vagueness claim, and a bill of attainder claim. Plaintiffs focus principally on their procedural due process claim.

Defendant has moved for summary judgment in its favor on the ground that there are no genuine issues of material fact herein on the issues presented. Although presenting purported denials of the allegations, plaintiffs have not directly disputed the statements of the defendant presented pursuant to Rule 3(G) of the Local Civil Rules or suggested a material version contrary to the Rule 3(G) statements.

The motion for summary judgment in favor of the defendant will be granted for the reasons appearing hereafter.

### BACKGROUND

On June 3, 1996, the New York City Council adopted Local Law No. 42 of 1996 ("Local Law 42"), known as the Trade Waste Law, thereby overhauling the regulatory scheme applicable to trade waste removal businesses operating in the City. This Court upheld the facial constitutionality of Local Law 42 in *Sanitation and Recycling Industry, Inc. v. City of New York*, 928 F.Supp. 407 (S.D.N.Y. 1996) (Pollack, J.) ("*SRI*").

Section 11(iii) of Local Law 42 provides that existing carting contracts are terminable at will by the carter or customer on 30 days written notice, unless the carter has received a new license from the Commission (the "termination clause"). However, that section further provides that, upon application, the Commission may "waive the termination clause requirement with respect to identified contracts" if the Commission determines "in its discretion" that a waiver of the such requirement would be "consistent with the purposes of [Local Law 42]."

Plaintiffs Universal Sanitation Corp. ("Universal") and Compaction Systems Corporation ("Compaction") are entities engaged in the trade waste removal business in the City of New York. Benny Villani is a principal of both plaintiffs, holding a controlling 56% interest in Universal and a 50% interest in Compaction.

On July 18, 1996, plaintiffs submitted applications to the Commission for waivers of the termination clause requirements with respect to their customer contracts ("waiver applications"). Included with plaintiffs' applications were copies of plaintiffs' standard form contracts that contain "evergreen clauses" providing for automatic five-year term renewal. The applications also revealed that in June 1996, Mr. Villani and another carting company co-owned by him were indicted on federal racketeering charges regarding their alleged participation in organized-crime dominated conspiracies to commit extortion and antitrust violations in the carting industry. The federal indictment alleges that Mr. Villani is affiliated with the Genovese crime family and that he conspired with members of that crime family in connection with a criminal customer allocation scheme.

On August 23, 1996, the Commission denied plaintiffs' respective waiver applications. The Commission specifically determined that the grant of waivers to plaintiffs would be inconsistent with Local Law 42's purposes, given the pending racketeering charges against Villani, his alleged affiliation and association with the Genovese organized crime family, and plaintiffs' past contracting practices, which include the use of "evergreen clauses." [1]

Plaintiffs thereafter brought this action in the Supreme Court of the State of New York, New York County, seeking to set aside as unlawful the Commission's denial of their waiver applications. Plaintiffs alleged that the denial of their waiver applications violated Article 78 of the New York State Civil Practice Law and Rules and the Contracts and Takings Clauses of the United States Constitution, denied them procedural due process, were based on unconstitutionally vague standards, and constituted an unlawful bill of attainder. Defendants removed the suit to this court.

The defendant has cross-moved for summary judgment in its favor on the ground that there are no genuine issues of material fact herein on the issues presented. The motion for summary judgment in favor of the defendant will be granted for the reasons appearing hereafter.

Defendant is entitled to summary judgment in this action, as there are no issues of material fact and defendant is entitled to judgment on the merits of plaintiffs' claims as a matter of law. First, Local Law 42's termination clause does not violate the contracts clause, either on its face or as applied to plaintiffs. As this Court recognized in *SRI*, the legislative intent behind that provision—to remedy the effects of past contracting abuses caused by industry-wide corruption—justifies any arguable impairment of plaintiffs' contractual relationships. Similarly, because the termination clause substantially advances a legitimate state interest, does not deprive plaintiffs of all economically viable use of their property, and does not interfere with plaintiffs' investment-backed expectations, there has been no unconstitutional taking here.

Moreover, the Commission's denial of plaintiffs' waiver applications, and the consequent application of the termination clause to plaintiffs, did not subject them to a depriva-

---

**1.** Copies of the Commission's lengthy decisions denying plaintiffs' waiver applications appear in

the documentary records as Exhibits N and O.

tion of procedural due process. Because plaintiffs have no right to maintain their contracts absent the grant of a waiver, and have no legitimate claim of entitlement to a waiver, plaintiffs have not been deprived of a property interest. Plaintiffs were not deprived of a liberty interest because plaintiffs have not been deprived of any legal right or status. Local Law 42 is also not unconstitutionally vague as applied to plaintiffs and does not constitute an unlawful bill of attainder. Because the denial of the waiver applications had a rational basis, it does not violate CPLR Article 78.

## Discussion

### I.

▮▮▮ As applied to plaintiffs, Local Law 42 does not violate the Contracts Clause. This Court held in *SRI* that Local Law 42 does not facially violate the Contracts Clause. 928 F.Supp. at 413–16. As discussed in *SRI,* in a heavily regulated industry such as trade waste carting, a government action will not violate the Contracts Clause if "legitimate and significant purposes support the law." *Id.* at 414. In this case, New York City's legitimate interest in eliminating industry-wide corruption and remedying past contracting abuses justifies any arguable impairment of plaintiffs' contractual relationships by operation of Local Law 42's termination clause. *See id.* at 415–16.

### II.

▮▮▮ Local Law 42 does not facially violate the Takings Clause, *id.* at 416–18, nor does it effectuate an unconstitutional taking of plaintiffs' property. In cases such as this one, where the government action in question substantially advances legitimate public purposes and does not deprive plaintiffs of all economically viable use of their property, courts weighing taking challenges engage in fact-specific inquiries that look to "(1) 'the economic impact of the regulation on the claimant'; (2) 'the extent to which the regulation has interfered with distinct investment-backed expectations'; and (3) 'the character of the governmental action.'" *Connolly v. Pension Benefit Guaranty Corp.,* 475 U.S. 211, 225, 106 S.Ct. 1018, 1026, 89 L.Ed.2d 166

(1986) (quoting *Penn Central Transportation Co. v. New York City,* 438 U.S. 104, 124, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631 (1978)). In this case, the termination clause of Local Law 42 may have substantially diminished the value of plaintiffs' contracts. Plaintiffs, however, cannot show significant infringement on their investment-backed expectations, because "where a contract relates to an industry in which significant regulation already exists, a contracting party cannot validly complain of frustrated expectations from a new regulatory scheme." *SRI,* 928 F.Supp. at 417; *see also Kraebel v. New York City Dept. of Housing Pres. & Dev.,* 959 F.2d 395, 402 (2d Cir.1992); *Rudolph v. Cuomo,* 916 F.Supp. 1308, 1318 (S.D.N.Y.1996). The lack of interference with plaintiffs' investment-backed expectations, combined with the important governmental interests served by Local Law 42, clearly outweigh the adverse economic impact on plaintiffs, and therefore no taking has occurred.

### III.

▮▮▮ In denying plaintiffs' waiver applications, the Commission did not deprive plaintiffs of their right to procedural due process. To establish a violation of the right to procedural due process, a party must show that a government action has deprived the party of a liberty or property right without due process of law. *See Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). As the Court noted in *Roth,*

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Id.* at 577, 92 S.Ct. at 2709. As participants in a heavily regulated industry, plaintiffs did not have a property right in their contracts remaining unchanged. Because the waiver is entirely within the discretion of the Commission, plaintiffs also do not have a property right to the waiver itself, rather, plaintiffs merely have a unilateral desire to obtain one. Therefore, Local Law 42 has not deprived plaintiffs of a protected property right.

■ Nor have plaintiffs been deprived of a liberty interest subject to due process protection. Plaintiffs argue that the denial of their waiver applications has called into question their integrity and good name. While the Supreme Court has recognized a protectable liberty interest in reputation, "damage to one's reputation is not 'by itself sufficient to invoke the procedural protection of the Due Process Clause.' Rather, loss of reputation must be coupled with some other tangible element in order to rise to the level of a protectable liberty interest." *Valmonte v. Bane,* 18 F.3d 992, 999 (2d Cir.1994) (quoting *Paul v. Davis,* 424 U.S. 693, 711, 96 S.Ct. 1155, 1161, 47 L.Ed.2d 405 (1976)). This "stigma plus" test requires a plaintiff to show that the injury to reputation be "in the course of dismissal from a government job or termination of some other legal right or status." *Id.* at 1000. Because, as discussed above, the power to grant or deny a waiver is entirely within the Commission's discretion, the denial of plaintiffs' waiver applications did not terminate any "legal right or status." Therefore, the denial of the waiver applications did not deprive plaintiffs of a protectable liberty interest. Because plaintiffs cannot show the deprivation of either a property or liberty interest, they were not denied their right to procedural due process.

### IV.

■ Local law 42's waiver provisions do not violate the due process clause on vagueness grounds. Vagueness challenges to regulations that, like the waiver provisions, do not involve first amendment freedoms are evaluated on an "as applied" basis. *Association of Int'l Auto. Mfrs., Inc. v. Abrams,* 84 F.3d 602, 613–14 (2d Cir.1996). "A civil statute is not impermissible under this standard unless its commands are 'so vague and indefinite as really to be no rule or standard at all.' " *Id.* at 614 (citation omitted). The availability of administrative interpretation weighs against finding that a regulation is impermissibly vague. *See id.* The Commission is authorized to grant a waiver of the termination clause where it has determined that such grant "would be consistent with the purposes of [Local Law 42]." The Commission's administrative determination, that denial of the waivers was supported by plaintiffs' use of evergreen clauses and Mr. Villani's indictment, was fully consistent with the purposes of Local Law 42. Local Law 42's waiver provisions are not impermissibly vague.[2]

### V.

■ Local Law 42 does not constitute an impermissible bill of attainder either facially or as applied to plaintiffs. "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.' " *New York State Trawlers Ass'n v. Jorling,* 16 F.3d 1303 (2d Cir.1994) (quoting *Nixon v. Administrator of Gen. Servs.,* 433 U.S. 425, 468, 97 S.Ct. 2777, 2802, 53 L.Ed.2d 867 (1977)). Because Local Law 42 furthers legitimate non-punitive legislative purposes, does not confiscate property, and does not bar designated individuals or groups from participating in the carting industry, it cannot be considered a bill of attainder, either facially or as applied to plaintiffs. *See id.* at 1312.

### VI.

■ The Commission's denial of plaintiffs' waiver applications was not improper under Article 78 of the New York State Civil Practice Law and Rules. An administrative decision such as the denial of plaintiffs' waiver applications will violate Article 78 if it "was arbitrary and capricious or an abuse of discretion." CPLR 7803(3). An action will be considered to be arbitrary and capricious if it is "without sound basis in reason." *Pell v. Board of Education,* 34 N.Y.2d 222, 231, 356 N.Y.S.2d 833, 838–39, 313 N.E.2d 321, 325 (1974). In other words, the question is whether the action had a "rational basis." *Id.* Here, Mr. Villani's indictment and the presence of "evergreen" clauses in plaintiffs' form contracts clearly provide a rational basis for the Commission's decision, and the

---

2. The delegation of authority to the commission is also permissible under state law. *See Levine v.* Whalen, 39 N.Y.2d 510, 515–16, 384 N.Y.S.2d 721, 723–24, 349 N.E.2d 820, 822–23 (1976).

denial of plaintiffs' waiver applications does not violate Article 78.

### CONCLUSION

No constitutional questions nor questions of state law asserted by plaintiffs are legally valid herein. The motion of defendant for summary judgment is granted. Complaint dismissed. Judgment with costs to defendant shall be entered herein.

SO ORDERED.